IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN SMITH and WILFREDO ORTIZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>SUMMIT RETAIL SOLUTIONS, INC.,<br><br>            Defendant. | No.   18 CV 6784 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the action entitled *Dawn Smith and Wilfredo Ortiz v. Summit Retail Solutions, Inc.*, commenced in the Supreme Court of the State of New York for the County of Monroe, Index No.: E2018008080, is removed by the Defendant Summit Retail Solutions, Inc.

Defendant, by and through its attorneys, respectfully states the following as grounds for removing this action:

    1.    Defendant removes this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

    2.    Defendant has complied with the requirements of Local Rule of Civil Procedure 81 by:  (i) completing a civil cover sheet; (ii) submitting the requisite $400.00 filing fee; and (iii) attaching an index identifying all documents filed in the state-court action, individually tabbed, and arranged in chronological order according to the state-court filing date.  The index is attached as **Exhibit A**.

    3.    On or about October 9, 2018, Plaintiffs commenced this action against Defendant by filing a Summons and Complaint in the Supreme Court of the State of New York, County of

Monroe, bearing index number E2018008080, captioned *Dawn Smith & Wilfredo Ortiz v. Summit Retail Solutions, Inc.*

4. Defendant was served with the Complaint on October 12, 2018.

5. Defendant's Notice of Removal is filed within thirty days of receiving, on October 12, 2018, through "service or otherwise," a copy of the Complaint, attached as tab 1 to Exhibit A.

6. A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the Supreme Court, Monroe County, is attached as **Exhibit B**, and will be filed in the Monroe County Clerk's Office and served on counsel for Plaintiffs after the filing of this Notice of Removal in the United States District Court for the Western District of New York.

7. In the Complaint, Plaintiffs seek, among other things, to recover against the Defendant for alleged violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

8. This Notice of Removal is filed under 28 U.S.C. § 1441(a) on the grounds that the Complaint alleges a civil cause of action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted and the questions raised by the Plaintiffs present federal questions arising under the Constitution, laws, or treaties of the United States, specifically, 29 U.S.C. §§ 201, *et seq.*

9. This Court also has supplemental jurisdiction over Plaintiffs' state-law claims predicated on alleged violations of several provisions of the New York Labor Law, because these claims "are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Separate claims "form part of the same case or controversy" when they involve "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Plaintiffs' state-law claims involve "a common nucleus of operative facts" because these claims likewise concern whether Defendant properly paid the same employees for the time they allege they worked. Thus, the state-law claims "form part of the same case or controversy," and this Court may properly exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. *Gibbs*, 383 U.S. at 725.

11. Defendant has completed and provided a Civil Cover Sheet and a check in the amount of $400.00 for the filing fee as required by Local Rule of Civil Procedure 81.

**WHEREFORE,** Defendant removes this action, currently docketed in the Supreme Court of the State of New York, Monroe County, Index No. E2018008080, to the United States District Court for the Western District of New York and requests that the United States District Court for the Western District of New York assume jurisdiction over the entirety of this action and exclude any further proceedings in the New York State Supreme Court.

Dated:  October 31, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Alejandro Herrera
　　　　　　　　　　　　　　　　　　　　Alejandro Herrera (5235601)
　　　　　　　　　　　　　　　　　　　　aherrera@gibsondunn.com

　　　　　　　　　　　　　　　　　　　　Gibson, Dunn & Crutcher LLP
　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY  10166
　　　　　　　　　　　　　　　　　　　　Telephone: 212.351.2456
　　　　　　　　　　　　　　　　　　　　Facsimile:  212.716.0857

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Summit Retail Solutions, Inc.*